PEARSON, Judge.
The appellant, Pennsylvania Threshermen & Farmers’ Mutual Casualty Insurance Company, was a garnishee in the trial court. It appeals a summary final judgment for the judgment creditors who had procured the writ. The appellees, Brownlees, were plaintiffs in an action in which Frances Irving (appellee, Frances Irving Diaz) was defendant. Frances Irving was the insured of the appellant. The insurance company disclaimed liability under its policy, and a judgment was recovered against the defendant, Irving. The judgment creditors (Brownlees) secured the issuance of a writ of garnishment directed to the insurance company. The insurance company filed an answer to which it attached a copy of the insurance policy under which the defendant had been insured. This policy provided for coverage of any “owned automobile” and a “non-owned automobile” under certain conditions.
Three definitions in the policy are important :

*481 An affidavit of the insured was attached to the answer. It was presumably secured by a representative of the insurance company. This affidavit is in part as follows:
“The 1961 Buick is owned by Hermes Diaz, whom I am to marry as soon as my divorce is final. He bought it for me on May 1, 1961 at Sheehan Buick, and has been in my sole possession, driving it regularly since that day. Mr. Diaz has never driven the 1961 Buick and he is to transfer title to me after our marriage sometime in July. The car was financed through Southern Industrial Bank, there being collision insurance covering it but neither Mr. Diaz nor I know what insurance company is on the coverage. I drive this new Buick daily since May 1, 1961, until th accident, it now being at the Sheehan Buick Co. for repair.”
Appellant contends that there 'was an issue as to whether the policy covered the automobile under the facts set out. It is urged that: (1) under the facts before the court the automobile might not be an “owned” automobile because the title was in Hermes Diaz and not Frances Irving; (2) it does not appear from the facts that the automobile furnished by Mr. Diaz was a “temporary substitute” for the insured automobile because nothing is revealed .as to the disposition of the insured automobile; (3) the affidavit of Frances Irving does not reveal a gift, inasmuch as title was only to be transferred upon condition of marriage; and (4) the coverage might not be achieved under the “non-owned” automobile provision, because this provision specifically excludes an automobile furnished for the regular use of the named insured.
It is apparent from the record that an issue was specifically set forth in the answer of the garnishee as to whether the policy covered the automobile under the facts set out. Paragraph 4 of the answer alleges : “ * * * Frances Irving Diaz was operating a motor vehicle not owned by her, a 1961 Buick automobile which was owned by Hermes Diaz, and which was furnished for the regular use of Defendant, Frances Irving Diaz-” The record does not demonstrate that this defense was established or that it was refuted. We therefore hold that the trial court incorrectly entered a summary final judgment, and the cause is remanded for trial of the issue of whether the automobile which caused the injury was covered under the garnishee’s policy. See, Chereton v. Armstrong Rubber Co., Fla. 1956, 87 So.2d 579.
Reversed and remanded.